United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IANA RODIONOVA,
Plaintiff,
v.
TURKISH AIRLINES, INC,
Defendant.

Case No. 25-cv-09135-SK

**ORDER ON MOTION TO DISMISS**

Regarding Docket Nos. 17, 22, 33, 38

This matter comes before the Court upon consideration of the motion to dismiss jurisdiction filed by Turkish Airlines, Inc. ("Turkish Airlines") and Turk Hava Yollari, A.O. dba Turkish Airlines ("THY"). The Court finds this motion and the other pending motions suitable for disposition without oral argument and VACATES the hearing scheduled for July 20, 2026. *See* N.D. Civ. L.R. 7-1(b). Having carefully considered the parties' papers, relevant legal authority, and the record in the case, the Court hereby GRANTS the motion for the reasons set forth below.

**BACKGROUND**

In her initial and in her first amended complaint, Plaintiff Iana Rodionova ("Plaintiff") asserts claims against Turkish Airlines. (Dkt. Nos. 1, 8.) Plaintiff alleges that she incurred damages when her international flights were cancelled. The first flight concerns a flight between Istanbul, Turkey and Panama City. (Dkt. No. 8.) Plaintiff alleges that she lost nights in Almaty, Kazakhstan and in Punta Cana, Dominican Republic as a result. (*Id.*) Plaintiff further alleges that she purchased connection roundtrip tickets on Russia Airlines between Russia and Kazakhstan and that problems with her flights required her to purchase hotel stays in Almaty, Kazakhstan and in Punta Cana, Dominican Republic. (*Id.*)

On a different international flight Plaintiff purchased with Turkish Airlines, Plaintiff alleges that Turkish Airlines cancelled her flight from Istanbul, Turkey to Madrid, Spain and

United States District Court
Northern District of California

moved her to a later flight. Plaintiff alleges that she incurred damages due to this cancellation and delay. (*Id.*) Plaintiff claims that Defendant claimed that Avianca Airlines, with ticketing offices in Miami, Florida, San Salvador, El Salvador, and Bogata, Columbia, was its agent. (*Id.*) Plaintiff alleges that she used a California credit card with a California billing address to purchase the tickets. (*Id.*) Plaintiff brings claims for breach of contract, breach of the implied covenant of good faith and fair dealing, negligent infliction of emotional distress, and false advertising and unfair business practices under California Business and Professions Code § 17200. (*Id.*)

Plaintiff alleges that Turkish Airlines has a registered agent in California and regularly operates flights to and from San Francisco International Airport. (*Id.*)

In response to the assertion that Turkish Airlines is not an airline and is not the proper defenant, Plaintiff seeks leave to amend to change the defendant to THY. (Dkt. No. 33.) Even though THY is not yet a defendant, the Court will collectively refer to Turkish Airlines and THY as "Defendants".

Defendants argue that Plaintiff erroneously sued Turkish Airlines instead of THY. (Dkt. No. 38.) However, "[t]o avoid prolonged motion practice," Defendants jointly move to dismiss Plaintiff's claims on several grounds, including that there is no personal jurisdiction over either of them. (*Id.*)

## ANALYSIS

### A. Applicable Legal Standards.

In a motion challenging personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, the plaintiff, as the party seeking to invoke the jurisdiction of the federal court, has the burden of establishing that jurisdiction exists. *Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 800 (9th Cir. 2004). A plaintiff must "come forward with facts, by affidavit or otherwise, supporting personal jurisdiction." *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). "Personal jurisdiction over a defendant is proper if it is permitted by a long-arm statute and if the exercise of that jurisdiction does not violate federal due process." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). Because California's long-arm statute is co-extensive with federal due process requirements, the jurisdictional analyses under California law

and federal due process are the same. *Schwarzenegger*, 374 F.3d at 801.

Personal jurisdiction may be either general or specific. *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008). General jurisdiction exists where the defendant's affiliations with the forum state are "so continuous and systematic as to render them essentially at home in the forum state." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (internal quotation marks omitted)). "[S]uch sweeping jurisdiction" is generally only appropriate over a corporation in the forums where it is "at home" – i.e. where it is incorporated and has its principal place of business. *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021) (noting that "in an exceptional case a corporation might also be at home elsewhere") (quoting *Daimler*, 517 U.S. at 139 n.19) (internal quotation marks omitted)).

Specific jurisdiction over a defendant exists where: (1) the defendant has purposefully directed its activities at the forum state or has purposefully availed itself of the privileges of doing business in the forum; (2) the plaintiff's claim arises out of or relates to those activities; and (3) the assertion of personal jurisdiction is reasonable and fair. *Schwarzenegger*, 374 F.3d at 802; *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-77 (1985). "The plaintiff bears the burden of satisfying the first two prongs of the test. If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state." *Schwarzenegger*, 374 F.3d at 802 (internal citation omitted). "On the other hand, if the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to present a compelling case that the exercise of jurisdiction would not be reasonable." *Menken v. Emm*, 503 F.3d 1050, 1057 (9th Cir. 2007) (internal quotations and citations omitted).

**B. Defendant's Motion to Dismiss.**

Plaintiff may demonstrate that Defendants are subject to general or specific jurisdiction. She does neither.

**1. General Jurisdiction.**

As noted above, general jurisdiction for corporations are generally limited to their place of incorporation and to their principal place of business. *Daimler*, 571 U.S. at 127. The Supreme

Court held open the possibility that there may be exceptional cases where a corporation's operations may be so substantial and of such a nature to render the corporation at home in a state other than its place of incorporation or principal place of business. *Id*. at 139, n.19. Plaintiff alleges that Turkish Airlines has a registered agent in California and regularly operates flights to and from San Francisco International Airport, but neither of these facts is sufficient for general jurisdiction. "The designation of an agent for service of process and qualification to do business in California alone are insufficient to permit general jurisdiction." *Bristol-Myers Squibb Co. v. Superior Court*, 1 Cal. 5th 783, 798 (2016), *rev'd on other grounds sub nom. Bristol-Myers Squibb Co.,* 582 U.S. 255 (2017) (internal quotation marks and citation omitted). Nor is regularly operating flights in and out of an airport sufficient for general jurisdiction. *Vallarta v. United Airlines, Inc.*, 497 F. Supp. 3d 790, 799 (N.D. Cal. 2020) (finding United Airlines' operation of "hubs" out of two California airports and employing a substantial number of California employees insufficient). Therefore, the Court finds that Plaintiff fails to demonstrate general jurisdiction over Defendants.

**2. Specific Jurisdiction.**

To demonstrate specific jurisdiction, Plaintiff must show that Defendants purposefully directed their activities at the forum state or have purposefully availed themself of the privileges of doing business in the forum and that her claims arise out of those activities. *Schwarzenegger*, 374 F.3d at 802. In tort cases, courts focus on whether a defendant purposefully directs his activities at the forum and on whether the effects of those activities are felt within the forum. *Yahoo! Inc. v. La Ligue Contre Le Racisme et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006). In contract cases, courts look to whether a defendant "purposefully avails itself of the privilege of conducting activities" or "consummate[s][a] transaction" in the forum, focusing on activities such as delivering goods or executing a contract. *Id.* (internal quotations and citations omitted). Courts also have applied the purposeful availment test in tort cases, where a plaintiff's tort claims arise out of a contractual relationship. *See, e.g., Nu-Cal Foods, Inc. v. Quality Egg, LLC*, 887 F. Supp. 2d 977, 989 (E.D. Cal. 2012) (citing *Richmond Technologies, Inc. v. Aumtech Business Solutions, Inc.*, 2011 WL 2607158, at *4 (N.D. Cal. July 1, 2011) (in turn citing *Sher v. Johnson*, 911 F.2d

1357, 1362 (9th Cir. 1990)).

"Evidence of availment is typically action taking place in the forum that invokes the benefits and protections of the laws in the forum." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006). "A showing that a defendant purposefully availed himself of the privilege of doing business in a forum state typically consists of evidence of the defendant's actions in the forum, such as executing or performing a contract there." *Schwarzenegger*, 374 F.3d at 802. "At the end of the day, the purposeful direction and availment tests simply frame our inquiry into the defendant's 'purposefulness' vis-à-vis the forum state, ensuring that defendants are not haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts." *Doe v. Deutsche Lufthansa*, 157 F.4th 1103, 1111 (9th Cir. 2025) (citation and quotation marks omitted) (finding contract and tort claims arose out of the airline's California-related activities by breaching and conduct arising out of the contract for flight into California).

"The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant focuses on the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 283-84 (2014) (internal quotation marks and citation omitted). Specifically, "the defendant's suit-related conduct must create a substantial connection with the forum State." *Id*. at 284. The "primary concern" is "the burden on the defendant." *Bristol-Myers Squibb Co. v. Superior Court*, 137 S.Ct. 1773, 1780 (2017) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980)). The Supreme Court has made clear that "[t]wo principles animate the 'defendant-focused' inquiry." *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017) (citing *Walden*, 571 U.S. at 284). First, the relationship between the nonresident defendant, the forum, and the litigation "must arise out of contacts that the 'defendant *himself*' creates with the forum State." *Id*. (citing *Walden*, 571 U.S. at 284) (emphasis in original). Second, the minimum contacts analysis examines "the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Id*. (citing *Walden*, 571 U.S. at 285). "[A] defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction." *Walden*, 571 U.S. at 286.

Crucially, "the plaintiff cannot be the only link between the defendant and the forum.

Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Walden*, 571 U.S. at 285. "[A] contract alone does not automatically establish minimum contacts in the plaintiff's home forum." *Picot v. Weston*, 780 F.3d 1206, 1212 (9th Cir. 2015) (citation omitted). Additionally, "[m]erely "random, fortuitous, or attenuated" contacts are not sufficient. *Id.* (quoting *Burger King*, 471 U.S. at 475). "Rather, there must be 'actions by the defendant *himself* that create a 'substantial connection' with the forum State.'" *Id*. (quoting *Burger King*, 471 U.S. at 475) (emphasis in original). The "defendant must have performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state." *Id*. (internal quotation marks and citation omitted). Courts "consider 'prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing.'" *Id*. (quoting *Burger King*, 471 U.S. at 479).

The Ninth Circuit has made clear that "the fact that a contract envisions one party discharging his obligations in the forum state cannot, standing alone, justify the exercise of jurisdiction over another party to the contract." *Davis v. Cranfield Aerospace Sols., Ltd.*, 71 F.4th at 1163 (citation omitted) (finding no jurisdiction where, except for defendant's employees entering the forum state a couple of times, all communication between the parties was remote through phone and email, defendant did not advertise in forum state, no evidence that defendant benefited from the plaintiff's residence in the forum or sought to benefit from forum's laws, and none of the contract terms invoked the forum's laws); *see also LeGarie v. Nurse*, 2021 WL 5771144 (N.D. Cal. Dec. 6, 2021); *Netgear, Inc. v. Redzone Wireless, LLC*, 2017 WL 2351359, at *3-5 (N.D. Cal. May 31, 2017).

Notably, here, Plaintiff does not allege any negotiations occurring in or any part of the contract performance occurring in California. Plaintiff purchased, through a travel agent, international flights that did not take off, land, or have a connecting flight through California. The hotels Plaintiff allegedly had to make reservations in were not located in California. The only connection Plaintiff alleges with California is that her form of payment was a credit card with a California billing address. This fact, standing alone, is not enough to show any actions by

*Defendants* that create a substantial connection with California. Therefore, Plaintiff fails to demonstrate personal jurisdiction and the Court, thus GRANTS Defendant's motion to dismiss on that basis.

Because the Court is dismissing Plaintiff's case for lack of jurisdiction, the Court DENIES her motions to recover cost of service, to deny foreign service immunity, and to file an amended complaint as MOOT.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss.

**IT IS SO ORDERED**.

Dated: July 16, 2026

SALLIE KIM
United States Magistrate Judge